UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JAMES R. MERCER, JR.,

                         Plaintiff,

          v.                                                        9:18-CV-1148
                                                                           (MAD/ATB)

ANN MARIE T. SULLIVAN, et. al.,

                         Defendants.
_____

APPEARANCES:

JAMES R. MERCER, JR.
Plaintiff, pro se
87-C-0688
Marcy Correctional Facility
P.O. Box 3600
Marcy, NY 13403

HON. LETITIA JAMES                                  AIMEE COWAN, ESQ.
Attorney General of the State of New York       Asst. Attorney General
615 Erie Blvd. West, Suite 102
Syracuse, NY 13204

MAE A. D'AGOSTINO
United States District Judge

**DECISION AND ORDER**

**I.    INTRODUCTION**

       Plaintiff James R. Mercer, Jr. ("Plaintiff") commenced this pro se action in September 2018 pursuant to 42 U.S.C. § 1983. *See generally* Dkt. No. 1 ("Compl."). In a Decision and Order filed October 22, 2018 (the "October Order"), Plaintiff's application to proceed in forma pauperis ("IFP Application") (Dkt. No. 2) was granted, and after reviewing the sufficiency of the Complaint pursuant to 28 U.S.C. § 1915(e)(B) and 28 U.S.C. § 1915A(b), the Court

directed defendants Gavin Elder ("Elder"), Jean Burdick ("Burdick"), Bud C. Ballinger, III ("Ballinger"), and Megan X. Thomas ("Thomas") to respond to Plaintiff's First Amendment retaliation claims. Dkt. No. 4 at 5. The Court dismissed the following claims, without prejudice: (1) Fourteenth Amendment due process; (2) equal protection; (3) claims related to the grievance process; (4) retaliation based upon failure to investigate; (5) conspiracy; and (6) state law.[1] *Id.* at 27-28. Summonses were issued and Defendants filed acknowledgments of service. Dkt. Nos. 6, 10.

On November 15, 2018, Plaintiff filed an Amended Complaint. Dkt. No. 8. In a Decision and Order filed on December 26, 2018 (the "December Order"), the Court accepted the Amended Complaint as the operative pleading and reviewed the pleading for sufficiency. Dkt. No. 12. For the reasons set forth in the October Order, the Court directed Elder, Burdick, Ballinger, and Thomas to respond to the retaliation claims in the Amended Complaint. *Id.* at 8. The Court dismissed the remaining claims. *See generally,* Dkt. No. 12.

On January 2, 2019, Plaintiff filed a motion for reconsideration of portions of the December Order. Dkt. No. 14. Defendants oppose the motion. Dkt. No. 17. On January 3, 2019, Elder, Burdick, Ballinger, and Thomas filed an Answer to the Amended Complaint and the Court issued a Mandatory Pretrial Discovery and Scheduling Order. Dkt. Nos. 15, 16.

On January 23, 2019, Plaintiff filed a motion to withdraw the action.[2] Dkt. No. 19. Defendants have no objection to Plaintiff's motion but argue that dismissal should be "with prejudice." Dkt. No. 20.

---

[1] Plaintiff's 1983 claims for monetary damages against defendants in their official capacity were dismissed, with prejudice. Dkt. No. 5 at 27.

[2] Plaintiff voluntarily withdrew the motion for reconsideration. Dkt. No. 21 at 1.

2

## II. DISCUSSION

### A. Legal Standard

Rule 41(a) provides that after an answer or motion for summary judgment has been filed, an action shall not be dismissed at the plaintiff's request except where all parties have signed a stipulation of dismissal, or upon order of the court. Fed. R. Civ. P. 41(a)(1)(B); 41(a)(2); *D'Alto v. Dahon California, Inc.*, 100 F.3d 281, 283 (2d Cir. 1996) ("Once a defendant has answered the complaint, a plaintiff may no longer dismiss an action as a matter of right."). The Rule further provides that unless the stipulation or order states otherwise, the dismissal is without prejudice. Fed. R. Civ. P. 41(a)(1)(B); 41(a)(2). Generally, a district court may exercise its discretion to permit a plaintiff to dismiss an action pursuant to Rule 41(a)(2) "if the defendant will not be prejudiced thereby." *Correspondent Servs. Corp. v. First Equities Corp. of Fla.*, 338 F.3d 119, 126 (2d Cir. 2003); *see also Gap, Inc. v. Stone Int'l Trading, Inc.*, 169 F.R.D. 584, 588 (S.D.N.Y. 1997) (citations omitted) ("Although voluntary dismissal without prejudice is not a matter of right, the presumption in this circuit is that a court should grant a dismissal pursuant to Rule 41(a)(2) absent a showing that defendants will suffer substantial prejudice as a result."). The decision whether to grant a Rule 41(a) motion for voluntary dismissal lies within the sound discretion of the court, *Catanzano v. Wing*, 277 F.3d 99, 109 (2d Cir. 2001), and is to be ordered "on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2).

The Second Circuit has set forth factors that are relevant to a district court's determination of whether a defendant would be prejudiced by dismissing an action, including: (1) plaintiff's diligence in bringing the motion; (2) any undue vexatiousness on plaintiff's part;

(3) the extent to which the suit has progressed; (4) the duplicative expense of relitigation; and (5) the adequacy of plaintiff's explanation for the need to dismiss. *Zagano v. Fordham Univ.*, 900 F.2d 12, 14 (2d Cir. 1990).

**B.     Analysis**

"When analyzing whether a party was diligent or not in bringing a motion, courts have focused on whether or not the moving party encouraged the non-moving party to continue discovery without any intention of pursuing its claims." *Shaw Family Archives, Ltd. v. CMG Worldwide, Inc.*, No. 05 CV 3939, 2008 WL 4127549, at *5 (S.D.N.Y. Sept. 2, 2008) (citations omitted). The Court also examines the length of time an action has been pending. *See Staten Island Terminal, LLC v. Elberg*, No. 11-CV-3262, 2012 WL 1887126, at *3 (E.D.N.Y. May 23, 2012).      This action has been pending for approximately five months. Because the Court finds no lack of diligence by Plaintiff in moving to withdraw, this factor weighs in favor of dismissal without prejudice.

Turning to the second factor, whether there is evidence of undue vexatiousness, the Court considers whether the party had "ill-motive." *S.E.C. v. Chakrapani,* 09 Civ. 325, 2010 WL 2605819, at *3 (S.D.N.Y. June 29, 2010). Here, Defendants do not allege, nor have they demonstrated that Plaintiff acted with "ill motive in bringing or maintaining his claims" in this action, and thus this factor weighs in favor of dismissal without prejudice. *See Morgan v. Town of DeWitt*, No. 5:12-CV-1136 (LEK/TWD), 2013 WL 5217947, at *2 (N.D.N.Y. Sept. 16, 2013).

Similarly, the third factor - the extent to which the suit has progressed - does not suggest that a dismissal of the action would be prejudicial to Defendants. Generally, this factor weighs against dismissal without prejudice only if the case has progressed to an

4

advanced stage, such as the eve of trial, or when discovery is complete and partial dispositive motions have been adjudicated. *See Jewelers Vigilance Comm., Inc. v. Vitale Inc.*, No. 90 Civ. 1476, 1997 WL 582823, at *3 (S.D.N.Y. Sept. 19, 1997) (citing *Zagano*, 900 F.2d at 14-15). Here, discovery is not complete and no discovery motions have been filed. It does not appear that any depositions have been scheduled or held. Generally, "[w]here discovery has been limited, . . . , courts will dismiss cases and/or claims without prejudice." *Omega Institute, Inc. v. Universal Sales Sys., Inc.*, No. 08-CV-6473, 2010 WL 475287, at *5 (W.D.N.Y. Feb. 5, 2010). Additionally, no dispositive motions have been filed, this action is not trial ready, and the case has not progressed to the point where dismissal without prejudice would be inappropriate. *Compare Lopez v. Whitmore*, No. 9:13-CV-952 (BKS/ATB), 2015 WL 4394604, at *8 (N.D.N.Y. July 16, 2015) (holding that it would be unfair to allow the plaintiff to voluntarily withdraw because the defendants filed a summary judgment motion supported by numerous affidavits and exhibits). As a result, this factor also weighs in favor of dismissal without prejudice.

The fourth *Zagano* factor, namely the duplicative expense of relitigation, also weighs in favor of dismissal without prejudice. The potential prospect of a second litigation is insufficient to constitute prejudice. *See Hinfin Realty Corp. v. Pittston Co.*, 206 F.R.D. 350, 356 (E.D.N.Y. 2008) (finding no prejudice where the grounds of a second lawsuit will likely be the same and the defendant "can use some of the material discovered and the legal work already done, if the case is renewed in the future"); *see also Banco Central De Para. v. Para. Humanitarian Found., Inc.*, No. 01 Civ. 9649, 2006 WL 3456521, at *6-7 (S.D.N.Y. Nov.30, 2006) ("[E]ven if [plaintiff] were to re-litigate the remaining claims in a future action, whatever work that defendants have done in preparing for trial can easily be used in a subsequent,

5

similar action.").

Fifth and finally, Plaintiff adequately explains his reason for seeking to withdraw the action. This factors weighs in favor of dismissal without prejudice.

Defendants' conclusory objection to dismissal without prejudice is without merit. Plaintiff's request to voluntarily dismiss this action without prejudice is granted.[3]

## III. CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that Plaintiff's motion (Dkt. No. 19) requesting voluntary dismissal of this action is **GRANTED** and this action is **DISMISSED without prejudice**; and it is further

**ORDERED** that Plaintiff's motion for reconsideration (Dkt. No. 14) is **DENIED as moot**.

The Clerk is directed to close this case; and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order on the parties.

**IT IS SO ORDERED.**

Dated: February 12, 2019
     Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge

---

[3] Plaintiff is advised that if he desires to re-file this action at a later time, he must do so before the applicable statute of limitations expires.